UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD


BARBARA ANN AKERS,

        Plaintiff,

v.                                      CIVIL ACTION 1:14-cv-10874

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.


## PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is a complaint filed on February 21, 2014, by Barbara Ann Akers, Claimant (ECF No. 2). On September 12, 2014, Defendant filed an Answer to the Complaint (ECF No. 10). Neither party filed pleadings; therefore, the Proposed Findings and Recommendation will be made on the merits of the case.

On February 22, 2011, Claimant filed Title II and XVI applications for disability, disability insurance benefits (DIB) and supplemental security income (SSI). Claimant's alleged disability onset date is February 17, 2009. Both applications were denied initially on June 1, 2011, and upon reconsideration on August 29, 2011. On September 8, 2011, Claimant filed a written request for a hearing. A hearing was held before an Administrative Law Judge (ALJ) on October 4, 2012. Claimant appeared via video from Bluefield, West Virginia, and the ALJ presided over the hearing from Roanoke, Virginia. The ALJ denied Claimant's applications on October 18, 2012. On November 15, 2012, Claimant requested a review of the ALJ's Order by the Appeals Council (Tr. at 7). On January 17, 2014, the Appeals Council (AC) denied Claimant's request stating "We found no reason under our rules to review the Administrative Law Judge's decision. Therefore, we have denied your request for review" (Tr. at 1). Claimant filed a Complaint for judicial review

on February 21, 2014 (ECF No. 2).

## Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability.  *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. § 404.1520 (2014).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  *Id.* § 404.1520(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  *Id.* § 404.1520(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  *Id.* § 404.1520(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.   *Id.* § 404.1520(d).  If it does, the claimant is found disabled and awarded benefits.  *Id.*  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  *Id.* § 404.1520(e).  By satisfying inquiry four, the claimant establishes a *prima facie* case of disability.  *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.  20 C.F.R. § 404.1520(f) (2014).  The Commissioner must show two things: (1) that the claimant, considering claimant's age, education,

work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date of February 17, 2009 (Tr. at 15). The ALJ found that Claimant meets the insured status requirements of the Social Security Act through September 30, 2012. (*Id.*) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of joint pain, bipolar disorder, depression and anxiety. (*Id.*) At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 16). The ALJ then found that Claimant has a residual functional capacity to perform medium work[1] (Tr. at 17). The ALJ concluded that Claimant could not perform past relevant work (Tr. at 20). On this basis, benefits were denied (Tr. at 22).

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d

---

[1] The ALJ found that Claimant can do work with simple, routine, repetitive tasks and no more than occasional interaction with others (Tr. at 17).

640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving

conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless,

the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize

the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v.*

*Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not

supported by substantial evidence.

### Claimant's Background

Claimant was born on August 29, 1965 (Tr. at 277). She attended special education classes

in middle school and dropped out of school in the eighth grade (Tr. at 31). Claimant has a GED.

(*Id.*) Claimant later earned certification as a CNA from the local Vo-Tech center (Tr. at 329).

### Claimant's Challenges to the Commissioner's Decision

Claimant asserted "I am disabled and unable to obtain gainful employment" as her reason

for requesting reconsideration of the ALJ's decision to the Appeals Council (Tr. at 8).

### Medical Record

Four days after the death of her mother, Claimant underwent an initial psychiatric

evaluation with Ghassen Bizri, M.D., at Southern Highlands Community Mental Health Center on

December 23, 2008 (Tr. at 328). Upon mental status examination, Dr. Bizri reported that Claimant

displayed good eye contact, normal psychomotor activity and fair insight and judgment. Claimant

reported to being anxious and depressed. Claimant denied experiencing hallucinations. Claimant

reported that she experiences difficulty with her recent memory (Tr. at 330). Dr. Bizri diagnosed

Claimant with bipolar disorder and panic disorder (Tr. at 334).

In July 2010, Claimant was hospitalized for 2 days after overdosing. In February 2011,

Claimant began reporting auditory hallucinations.  At the hearing, Claimant described the voice as her "inner conscience" (Tr. at 48).

Gary Craft, M.D., performed a consultative examination of Claimant for her joint pain in May 2011 (Tr. at 362-365).  Dr. Craft reported Claimant as being free from acute distress.  He reported that Claimant could do a full squat and return to the standing position without difficulty and that her gait and station were normal.  Claimant's knees had full range of motion and were free of deformity and instability.

Atiya Lateef, M.D., a State agency medical consultant, initially reviewed Claimants records in May 2011.  Dr. Lateef opined that Claimant could lift and/or carry up to 25 pounds frequently and 50 pounds occasionally, sit for up to 6 hours in an 8 hour workday and stand and/or walk for up to 6 hours in an 8 hour workday.  She indicated that Claimant did not have any postural or manipulative limitations.

State agency psychological consultant, John Todd, Ph.D., reviewed Claimant's records in May 2011.   Dr. Todd opined that Claimant had mild restriction in activities of daily living, no difficulties in maintaining social functioning, no difficulties in maintaining concentration, persistence or pace and no episodes of decompensation.  James Binder, M.D., a State agency psychological consultant, reviewed Claimant's records in August 2011, and affirmed the opinion of Dr. Todd (Tr. at 377).

In August 2012, Leslie Chandel, M.D., at Southern Highlands Community Mental Health Center, reported that Claimant's mood was dysphoric and depressed with a constricted affect, normal stream of thought, appropriate thought content, good insight and judgment, and good recent and remote memory.

Dr. Chandel completed a medical source statement of Claimant's ability to perform mental

work-related activities in September 2012 (Tr. at 409-411).  She rated Claimant as having a "moderate" limitation in the ability to understand, remember and carry out complex job instructions; make judgments on complex work-related decision; interact appropriately with the public, supervisors and co-workers; and respond appropriately to usual situations and to changes in a routine work setting.

The ALJ found that Claimant had mild restriction in activities of daily living and moderate difficulties in social functioning with regard to concentration, persistence or pace (Tr. at 16).  She also found that Claimant has not experienced any episodes of decompensation, which have been of extended duration.

Credibility Determination

The Social Security Act defines disability as the inability to do any substantial gainful activity by reason of any medically determinable impairment, "which can be expected to result in death, or which has lasted or can be expected to last, for a continuation period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  To be found disabled, an individual must have a severe impairment that precludes her from performing not only her previous work, but also any other substantial gainful work that exists in the national economy.  42 U.S.C. § 423(d)(2)(A) and § 1382c; 20 C.F.R. §§ 404.1505(a) and 416.912.  The claimant bears the ultimate burden of proving disability within the meaning of the Act.  *See* 42 U.S.C. § 423(d)(5)(A) and § 1382c; 20 C.F.R. §§ 404.1512(a) and 416.912.

In the present matter, substantial evidence does not support the ALJ's finding that Claimant's alleged severity of symptoms was not credible. The Fourth Circuit has held that the ALJ's failure to evaluate a claimant's credibility before analyzing the RFC is harmful error and requires remand.  *Mascio v. Colvin*, 780 F.3d 632, 639-640 (4th Cir. 2015).  The ALJ found that

Claimant's statements concerning the intensity, persistence and limiting effects of her symptoms are not credible to the extent they are inconsistent with the ALJ's residual functional capacity assessment (Tr. at 18-19).  This Court recommends the District Judge find that the ALJ did not conduct a proper credibility evaluation.

The Fourth Circuit has held that an ALJ's credibility findings are "virtually unreviewable by this court on appeal." *Darvishian v. Green*, 404 F. App'x 822, 831 (4th Cir. 2010)(citing *Bieber v. Dept. of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002)); *Salyers v. Chater*, No. 96-2030, 1997 WL 71704, at *1 (4th Cir. Feb. 20, 1997) (unpublished) (an "ALJ's credibility findings… are entitled to substantial deference").  When evaluating a claimant's testimony, the ALJ first considers whether the claimant has one or more medically determinable impairments that could reasonably be expected to produce the symptoms alleged.  *See* 20 C.F.R. §§ 404.1529(b) and 416.929. If such an impairment(s) exists, the ALJ then evaluates the intensity, persistence and limiting effects of the alleged symptoms arising from these impairments to determine the extent to which the alleged symptoms limit the claimant's ability to work.  *See* 20 C.F.R. §§ 404.1529(c) and 416.929.

As the fact-finder, the ALJ has the exclusive responsibility for making credibility determinations.  *See*, *Shively v. Heckler*, 739 F.2d 987, 989-990 (4th Cir. 1984) (stating that "[b]ecause he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight").

The procedural sequence which an ALJ must follow in determining credibility of a claimant and in determining a claimant's RFC is the issue necessitating remand in the present matter.  The regulations  on assessing credibility state that "We will consider all of the evidence presented, including information about your work record, your statements about your symptoms,

evidence submitted by your treating, examining or consulting physician or psychologist, and observations by our employees and other persons."   20 C.F.R. §§ 404.1529(c)(3) and 416.929. When an ALJ evaluates a claimant's RFC, a medical assessment of the claimant's remaining capabilities to work, he considers all of the relevant medical and other evidence. See   20 C.F.R. § 404.1513; SSR 96-8p.  In cases in which symptoms, such as pain, are alleged, the RFC assessment must contain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations.  Additionally, the RFC assessment must include a resolution of any inconsistencies in the evidence as a whole and set forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work.  Richard C. Ruskell, *Social Security Disability Claims Handbook* (2015 Edition), 214 n.5.

In the present case, the ALJ found that Claimant can do work with simple, routine, repetitive tasks and no more than occasional interactions with others (Tr. at 17).  Following the RFC, the ALJ discussed symptoms alleged by Claimant (Tr. at 18).   The ALJ's credibility discussion merely lists Claimant's asserted symptoms then provides the following boilerplate language:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment (Tr. at 18-19).

It was then after the boilerplate language that the ALJ summarized the medical opinions and Claimant's alleged inconsistent statements (Tr. at 19).

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts… and

nonmedical evidence."  Courts have held that an ALJ failed to follow SSR 96-8p "by merely summarizing the medical evidence.  The Ruling requires a narrative discussion of the RFC to show how the evidence supports the ALJ's conclusion."  *Munday v. Astrue*, 535 F.Supp. 2d 1189, 129 Soc. Sec. Rep. Serv. 726 (D. Kan. 2007).  The RFC assists the ALJ in determining whether the claimant retains enough vocational capacity to return to work.  When calculating the RFC, the ALJ must take all factors into account and explain his conclusions with substantial evidence.  *See Kotofski v. Astrue*, 157 Soc. Sec. Rep. Serv. 313, 2010 WL 3655541 (D. Md. 2010).

Furthermore, the ALJ must accompany his decision with sufficient explanation to allow a reviewing court to determine whether the Commissioner's decision is supported by substantial evidence.  The Commissioner is required to include in the text of [his] decision a statement of the reasons for that decision.  *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986).  The ALJ's "decisions should refer specifically to the evidence informing the ALJ's conclusion.  This duty of explanation is always an important aspect of the administrative charge. . . ."  *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985).

The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and revolved.  The Fourth Circuit agreed with the Seventh Circuit that the boilerplate language quoted above gets things backwards by implying "that ability to work is determined first and is then used to determine the claimant's credibility."  *Mascio* citing *Bjornson v. Astrue*, 671 F.3d 640, at 645 (7th Cir. 2012).  The court stated "The boilerplate [] conflicts with the agency's own regulations" because SSR 96-8p defines RFC as "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental

activities." The RFC must be based on all of the relevant evidence in the case record. The Regulations list evidence to be considered includes effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. *See* SSR 96-8p.

"The assessment of a claimant's ability to work will often depend heavily on the credibility of her statements concerning the 'intensity, persistence and limiting effects' of her symptoms, but the boilerplate language implies that ability to work is determined first and is then to be used to determine the claimant's credibility."[2] As the ALJ in the present matter made her RFC determination before she properly weighed the claimant's credibility, this Court recommends the District Judge find that Defendant's credibility assessment is not supported by substantial evidence. Other issues raised by the parties shall be addressed on remand.

Conclusion

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **REVERSE** the final decision of the Commissioner, **REMAND** this case for further administrative proceedings and **DISMISS** this matter form the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause shown.

---

[2] Richard C. Ruskell, *Social Security Disability Claims Handbook* (2015 Edition), 217.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Date:   September 4, 2015

Dwane L. Tinsley
United States Magistrate Judge